IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVIS DENORRIS ARNOLD,          )
                                 )
            Petitioner,          )
                                 )
       v.                        )    1:10CV892
                                 )    1:08CR322-1
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

**ORDER**

On January 31, 2012, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. Petitioner filed objections (Doc. 110) to the Recommendation within the time limit prescribed by Section 636. The court has reviewed Petitioner's objections *de novo* and finds they do not change the substance of the United States Magistrate Judge's Recommendation (Doc. 105,) which is affirmed and adopted.

In his objections, Petitioner appears to be attempting to add a claim for alleged violation of the Confrontation Clause, based on Petitioner's contention that law enforcement officers were allowed to testify at trial with respect to statements made by Petitioner's alleged accomplice, Joshua Thompson, implicating Petitioner. Specifically, Petitioner contends that "Government's witnesses, in the form of three law enforcement officers (Colvin, Sides, and Shulenburger) were allowed to convey Co-Defendant Thompson's allegation at trial." (Doc. 110 at 3.) However, at trial Officers

Colvin, Sides, and Shulenburger testified only as to Petitioner/Defendant's own statements, not as to Joshua Thompson's statements.  Therefore, this additional claim is also without merit. See Crawford v. Washington, 541 U.S. 36, 51 (2004) (explaining that the Confrontation Clause applies to out-of-court statements made by "witnesses against the accused," i.e., by someone other than the accused); U.S. v. Barraza, 365 F. App'x 526, 530 (4th Cir. 2010) (noting that a defendant's own statements are not hearsay and do not implicate Crawford).

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 80), as amended, is DENIED, that this action is DISMISSED, and that, finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

    /s/   Thomas D. Schroeder
United States District Judge

August 9, 2012